USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1281

 SAMSON OMOSEFUNMI,

 Plaintiff, Appellant,

 v.

 EDWIN MARTICIO; ROBERT LARCONE; UNITED STATES,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Selya, Boudin and Lynch,
 Circuit Judges.
 
 
 
 
 
 Samson Omosefunmi on brief pro se.
 Donald K. Stern, United States Attorney, and Rayford A.
Farquhar, Assistant U.S. Attorney, on brief for appellee.

November 16, 1999

 
 
 
 Per Curiam. After a careful review of the record and
 the submissions of the parties, the court affirms the district
 court's dismissal of the complaint. The district court lacked
 subject matter jurisdiction to consider the claims under the
 Federal Tort Claims Act, 28 U.S.C. 2674, as any claim
 appellant submitted to the Immigration and Naturalization
 Service did not comply with the requirement of 28 C.F.R. 14.2
 that it include a demand for money damages in a sum certain. 
 See Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997). 
 Appellant's claim that he was deprived of his eighth amendment
 rights is more properly termed a violation of his due process
 rights. Lyons v. Powell, 838 F.2d 28, 29 (1st Cir. 1988). And
 while one cannot argue that racial harassment of detainees
 could ever be reasonably related to a legitimate administrative
 goal, see Bell v. Wolfish, 441 U.S. 520, 538 (1979),
 appellant's claim still fails. No protected liberty interest
 has been identified. See Pittsley v. Warish, 927 F.2d 3, 7 (1st
 Cir. 1991) ("Fear or emotional injury which results solely from
 verbal harassment or idle threats is generally not sufficient
 to constitute an invasion of an identified liberty interest.")
 (citations omitted). Further, the alleged conduct, while
 deplorable, does not "shock the conscience." See Brown v. Hot,
 Sexy & Safer Productions, Inc., 68 F.3d 525, 531 (1995)
 ("Although we have not foreclosed the possibility that words or
 verbal harassment may constitute "conscious shocking" behavior
 in violation of substantive due process rights, . . . our
 review of the caselaw indicates that the threshold for alleging
 such claims is high.") (citing Souza v. Pina, 53 F.3d 423, 427
 (1st Cir. 1995)). No other basis for a constitutional violation
 appears in the complaint.
 Affirmed. See 1st Cir. Loc. R. 27(c).